No. 81-206

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

GREAT AMERICAN INSURANCE COMPANY,

        Plaintiff and Respondent,

    -vs-

ROYAL GLOBE PROPERTY AND CASUALTY
COMPANY,

        Defendant and Appellant.

Appeal from: District Court of the Thirteenth Judicial District,
             In and for the County of Yellowstone, The Honorable
             Diane G. Barz, Judge presiding.

Counsel of Record:

    For Appellant:

             Moulton, Bellingham, Longo & Mather, Billings,
             Montana
             Brent R. Cromley argued, Billings, Montana

    For Respondent:

             Crowley, Haughey, Hanson, Toole & Dietrich, Billings,
             Montana
             Cynthia Ford argued, Billings, Montana

                   Submitted: December 2, 1981

                      Decided: **APR - 6 1982**

Filed: **APR - 6 1982**

_Thomas J. Kearney_
                    Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Royal Globe Property and Casualty Co. appeals from an order of the Yellowstone County District Court which compelled Royal Globe to indemnify Great American Insurance Company for a fire loss sustained by Ramsey Lumber Company. Great American paid the insurance claim and then filed suit claiming indemnification for its share of all sums expended by Great American in defending and settling claims against Ramsey Lumber Company. Both parties filed motions for summary judgment. The trial court granted Great American's motion for summary judgment which had the effect of ordering Royal Globe to indemnify Great American. Royal Globe raises three issues on appeal.

Royal Globe contends first that it was entitled to summary judgment because its policy had been effectively cancelled before the claims against Ramsey Lumber Company arose. Royal Globe further argues that Great American was not entitled to summary judgment because, as a matter of law, Great American was not entitled to subrogation. Last, Royal Globe argues that Great American lacks standing to sue, and that summary judgment was improper because material facts are in dispute.

We reverse the judgment of the District Court and hold that the issuance of the Great American policy cancelled the Royal Globe policy.

Ramsey Lumber Co., a lumber company in Laurel, Montana, is a client of Hoiness-LaBar Insurance Agency of Billings, Montana. Since 1974 or 1975, Dennis Gambill, an agent of Hoiness-LaBar, has handled the insurance needs of Ramsey Lumber, exercising broad authority in obtaining, replacing and maintaining insurance coverage for Ramsey Lumber.

-2-

On April 1, 1977, Ramsey Lumber was issued a Royal Globe insurance policy through Hoiness-LaBar Insurance Agency. The Royal Globe policy was a "general business insurance package." Among other things, it included coverage for fire loss and liability from automobile collisions. This policy was to run until April 1, 1980.

In June 1977, Ramsey Lumber sustained a fire loss in excess of $65,000. After the fire, Royal Globe reviewed the policy, and wishing to be taken off the risk, requested Hoiness-LaBar to replace the policy with another insurer. After attempting unsuccessfully to persuade Royal Globe to remain on the risk, Hoiness-LaBar (without notifying Ramsey Lumber) applied to other insurance companies on behalf of Ramsey Lumber. One of these applications was to Great American, and it contained information concerning Ramsey Lumber, including the fact that Royal Globe was the present insurer. On September 26, 1977, Great American agreed to accept the risk, and authorized Hoiness-LaBar to issue an insurance binder effective October 1, 1977. That same day (September 26), Hoiness-LaBar advised Royal Globe by mail that the Royal Globe policy had been "replaced" as of October 1, 1977. Both the Royal Globe and the Great American policies contained an "other insurance" clause stating that, if more than one insurer had insured the loss, the loss would be shared equally by the insurers. Both policies were substantially the same as to the types and amounts of coverage provided.

On October 12, 1977, an employee of Ramsey Lumber, while in the course of company business, was involved in an automobile accident which resulted in claims being filed against Ramsey Lumber. Great American assumed the defense

of these claims, and on January 16, 1978, notified Royal Globe of the claims and invited their participation in the defense. On March 16, 1978, Great American notified Royal Globe that it intended to settle the claims and demanded that Royal Globe assume liability for "its share" of the cost of defending and settling the claims. Royal Globe did not respond to this demand, and Great American ultimately settled the claims against Ramsey Lumber for $224,128.35, plus $2,900 collision loss paid to Ramsey Lumber.

Great American filed this suit on July 25, 1979, seeking indemnification from Royal Globe on the grounds that the Royal Globe policy was in effect at the time the claims against Ramsey Lumber occurred. Royal Globe defended on the grounds that its policy was cancelled effective October 1, 1977, and that Great American had no standing to bring suit. Royal Globe also denied that Great American was subrogated to any rights of Ramsey Lumber. Summary judgment was entered in favor of Great American and Royal Globe appeals.

Hoiness-LaBar possessed broad authority to act on behalf of Ramsey Lumber. The record shows that Ramsey Lumber relied exclusively on Hoiness-LaBar to tend to its insurance needs. The uncontroverted testimony of Ms. Colleen Ramsey reveals that Ramsey Lumber Company had long relied on Hoiness-LaBar to place, replace, and maintain adequate insurance coverage on behalf of the company. Hoiness-LaBar had the authority to replace the Royal Globe policy without the express assent or knowledge of Ramsey Lumber. See Bituminous Casualty Corp. v. Aetna Insurance Co. (8th Cir. 1972), 461 F.2d 730.

The intent of all parties involved here is equally clear. Ramsey Lumber did not want two identical insurance

policies. Royal Globe requested to be taken off the risk, and Great American issued a replacement policy with knowledge that the previous insurer had asked to be removed. It would conflict with the clear intent of all parties involved to hold that both policies were in effect after Great American had issued the replacement policy. Nelson v. American Reliable Insurance Company (Minn. 1970), 174 N.W.2d 126. We therefore hold that the issuance of the replacement policy effectively cancelled the Royal Globe policy.

Our holding eliminates the need to discuss the remaining two issues.

The judgment of the District Court is reversed and remanded with instructions to enter summary judgment for Royal Globe.

_____
                                   Justice

We Concur:

_____

_____

_____

_____
                    Justices